UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ZIMMERMANN,

    Plaintiff,

v.

    Case No. 1:12-CV-751

    HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 3, 2013, Magistrate Judge Hugh W. Brenneman issued a Report and Recommendation (R & R) (docket no. 23) recommending that this Court grant summary judgment in favor of Defendants Arkesteyn, Hegensbach, Pratt & the Michigan Department of Corrections ("Defendants"). Zimmermann has filed a timely Objection to the R & R. When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Zimmermann's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Zimmermann did not oppose Defendants' motion for summary judgment. Defendants filed their motion on December 18, 2012. Zimmermann had 28 days during which to respond to Defendants' motion. W.D.Mich. LCivR 7.2(c) ("Any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials.) Zimmermann did not file a response. Nonetheless, seven months later, Zimmermann filed an Objection to the R & R raising his arguments in opposition to Defendants' motion for summary judgment.

The Court declines to consider Zimmerman's new arguments that he could have raised in response to Defendants' motion for summary judgment. It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge. In *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000), the Sixth Circuit held that a party is not permitted to raise a new argument, for the first time, in objection to a Report and Recommendation, and that failure to raise the argument before the magistrate judge constitutes a waiver. *Id.* at 902 n.1. "The Magistrate Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009) (internal quotation marks and citation omitted). Thus, in accordance with the practice of courts in this district,[1] the Court declines to consider Zimmermann's arguments.

Seeing no other objections, the Court will adopt the R & R. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (docket no. 23) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 16) is **GRANTED**. Defendants Arkesteyn, Hegensbach, Pratt & the Michigan Department of Corrections are dismissed as parties to this case.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Report and Recommendation (docket no. 27) is **OVERRULED**.


Dated: August 12, 2013                         /s/ Gordon J. Quist
                                               GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4–5 (W.D. Mich. Aug. 3, 2010) (Maloney, C.J.); *Wappler v. Huss*, No. 1:08-cv-629, 2009 WL 3055202, at *1–2 (W.D. Mich. Sept. 18, 2009) (Neff., J.).